UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LEIGH RUMBLEY CREEKBAUM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Number: 2:18-cv-00906-JHE |
| ) | |
| STEPHEN TRAVIS CREEKBAUM, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION**[1]

On June 12, 2018, Plaintiff Leigh Rumbley Creekbaum initiated this action against Defendant Stephen Travis Creekbaum seeking an order permitting Plaintiff to obtain a passport for their minor child, G.K. Creekbaum, on her own or, alternatively, an order directing Defendant to execute any documents necessary for Plaintiff to obtain a passport for G.K. Creekbaum. (Doc. 1). Plaintiff also seeks monetary damages for her lost opportunities to travel internationally with her child and parents. (*Id.*). Defendant moves to dismiss the action under the *Colorado River* and/or *Younger* doctrines, contending that litigating this issue concerning child custody in federal court would be an unnecessary and significant waste of the Court's time and resources. (Doc. 9). Plaintiff has filed a response in opposition to Defendant's motion to dismiss and a motion to strike. (Doc. 16). Defendant then filed a response to Plaintiff's motion to strike and a reply brief addressing Plaintiff's response in opposition to the motion to dismiss. (Doc. 18). The motions are

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 13).

1

ripe for review. For the reasons that follow, Plaintiff's motion to strike (doc. 16) is **DENIED**, and Defendant's motion to dismiss (doc. 9) is **GRANTED**.

Plaintiff's motion to strike (doc. 16) is **DENIED** because all of the subject documents are state court records from the underlying litigation. Plaintiff contends that the exhibits attached to the motion to dismiss are "extrinsic" and "not central to Plaintiff's claim" thus inappropriate for a motion to dismiss. (Doc. 16 at 3-4). In ruling on a motion to dismiss based on an abstention doctrine, as here, the court "may consider the various filings in the underlying state court litigation." *Belevich v. Thomas*, No. 2:17-cv-01193-AKK, 2018 WL 1244493, at *1-2 n.1 (N.D. Ala. Mar. 9, 2018). The documents attached to Defendant's motion are court filings associated with the pending state litigation (*see* doc. 9-1) and are therefore appropriate for consideration with this motion.

## I. Background

Plaintiff and Defendant were divorced on July 22, 2016, pursuant to a final judgment of divorce. (Doc. 1 at ¶ 5; *see* www.alacourt.com; Case no. 58-DR-16-900314.00). As part of the divorce decree, Plaintiff and Defendant were awarded joint legal and physical custody of their minor child, G.K. Creekbaum. (*Id.*). Plaintiff wishes to travel with the child internationally (*id.* at ¶ 5), but Defendant will not consent to the issuance of the minor child's passport (*id.* at ¶ 8). Plaintiff avers that due to Defendant's refusal to consent to the issuance of a passport for the minor child, Plaintiff and G.K. Creekbaum have lost the opportunity to travel internationally. (*Id.* at ¶ 9).

Based on the state court documents attached to the motion to dismiss, Defendant contends Plaintiff's boyfriend, who is with the minor child during Plaintiff's custodial periods, routinely takes Plaintiff and the minor child on his private plane to one of his residences in other states (doc.

2

9-1 at 7), and that he appears to be their sole source for potential international travel. Defendant further alleges in state court documents that upon the return from a domestic trip in May 2017, G.K. Creekbaum told Defendant that Plaintiff's boyfriend had hit him and that the police had visited in the middle of the night during his stay. (*Id.*). In the state court proceedings, Defendant has moved for the minor child to have no contact with Plaintiff's boyfriend. (*Id.*). Defendant also submits state court documents alleging that Plaintiff permitted contact between her boyfriend and the minor child that violated the court's order. (*Id.* at 10-12). Finally, Defendant has also moved in state court to modify the custody arrangement, requesting sole custody of the minor child. (Doc. 9-1 at 4). These matters have not been resolved. According to publicly available records, the state court has set a final trial date for custody redetermination for December 29, 2018. (www. alacourt.com, Case no. 58-DR-16-900314.01).

## II. Analysis

The Code of Federal Regulations outlines the requirements and circumstances related to obtaining a passport for a minor. *See* 22 C.F.R. § 51.28. Generally, both parents must provide consent to the issuance of a passport to a minor if they share joint custody of the minor. *See* 22 C.F.R. §§ 51.28(a)(2) and 51.28(a)(3)(ii)(G). However, a single parent may apply for a minor's passport if "[a] notarized written statement or affidavit from the non-applying parent or legal guardian" is provided. 22 C.F.R. § 51.28 (a)(3)(i). Additionally, a passport may be issued without both parents' consent when "[a]n order of a court of competent jurisdiction grant[s] sole legal custody to the applying parent" or specifically authorizes the issuance of a passport "regardless of custodial arrangements; or specifically authorizing the travel of the minor with the applying parent or legal guardian." 22 C.F.R § 51.28(a)(3)(ii)(E). Thus, under the current custody arrangement, absent an order from a court of competent jurisdiction, both Plaintiff and Defendant must provide

3

consent to obtain a passport for G.K. Creekbaum. Defendant asserts that, due to issues raised during the ongoing domestic litigation in state court, he has refused to provide consent. Plaintiff asks this Court to issue an order authorizing the issuance of a passport or directing Defendant to sign the necessary paperwork. (Doc. 1 & 16).

## A. Application of the *Colorado River* Doctrine

Defendant argues this Court should abstain from exercising its jurisdiction and dismiss this action under the *Colorado River* doctrine.[2] (Doc. 9 at 3-7). Generally, federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given to them." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). However, the *Colorado River* doctrine creates an "extraordinary and narrow exception" where a district court may decline to exercise or postpone the exercise of its jurisdiction. *Id.* at 813. Although "abstention from the exercise of federal jurisdiction is the exception, not the rule[,] a federal court may appropriately dismiss an action pending in state court in the interest of "wise judicial administration." *Colorado River*, 424 U.S. at 813, 817. For example, "federal courts generally dismiss cases involving . . . child custody . . . child support, and enforcement of separation or divorce decrees still subject to state court modification." *Ingram v. Hayes*, 866 F.2d 368, 369 (11th Cir. 1998) (per curiam).

### 1. Parallel Lawsuits with Substantially Similar Parties and Issues

The application of the *Colorado River* doctrine is appropriate when "a parallel lawsuit is proceeding in one or more state courts." *Ambrosia Coal & Const. Co. v. Pages Morales*, 368 F.3d 1320, 1327 (11th Cir. 2004). To be considered "parallel" for this purpose, the state and federal cases at issue should "contain substantially similar parties and issues." *Acosta v. James A. Gustino,*

---

[2] Defendant also argues for abstention under the *Younger* doctrine. (Doc. 9 at 7-11). However, because abstention is appropriate under the *Colorado River* doctrine, there is no need to reach questions regarding the application *Younger*.

4

*P.A.*, 478 Fed. Appx. 620, 622 (11th Cir. 2012). There is no clear test for deciding whether the cases contain "substantially similar parties and issues." *Id.* As Defendant points out, "[t]he state and federal cases need not share identical . . . issues to be considered parallel for purposes of *Colorado River* abstention." *Sini v. CitiBank, N.A.*, 990 F. Supp. 2d 1370, 1376 (S.D. Fla. 2014). The Eleventh Circuit has discussed this possibility of the state and federal cases being parallel even if some claims made in one court are not made in the other. *See Ambrosia Coal*, 368 F.3d at 1331.

Plaintiff admits the parties in both the state court and this action are the same; however, she spends much of her argument contending the passport claim is a completely separate issue from the child custody issues being litigated in state court. (Doc. 16 at 6). Specifically, she contends the state court action involves custody issues and a request for a restraining order, while this action involves "a federal question regarding the issuance of a passport." (*Id.*). Defendant maintains (doc. 18 at 3, 6-7), and the court agrees, that child custody and related issues are at the root of the passport issue and are not distinct in any meaningful way. As Defendant puts it, the passport issue is one discrete issue under the umbrella of child custody. If this case were to proceed to the merits in this Court, the court would be required to address all the reasons why Defendant has not consented to the issuance of a passport. These are the same reasons that the child custody issue has been reopened and is being litigated in state court. This Court attempting to determine whether to issue a passport to the minor child against Defendant's wishes is essentially a domestic custody hearing or trial, which is already taking place in state court.

Furthermore, the parties are currently under a custody review wherein Defendant seeks sole legal and physical custody, which would render this action moot. Thus, finding the parties are identical in both actions and that the issue of child custody is central to both the state case and

the federal claim, these two actions are parallel for purposes of *Colorado River* abstention.

### 2. The Contested Factors

Since finding the state and federal actions are parallel for purposes of *Colorado River* abstention, the next step is to weigh the following factors to determine if the parallel federal claim should be dismissed: (a) whether one of the courts has assumed jurisdiction over the subject property, (b) the inconvenience of the federal forum, (c) the potential for piecemeal litigation, (d) the order in which the courts obtained jurisdiction, (e) whether state or federal law will be applied, and (f) the adequacy of the state court to protect the parties' rights. *Ambrosia Coal*, 368 F.3d at 1331.

#### a) Assumption of Jurisdiction Over the Property and b) the Inconvenience of the Federal Forum

The parties agree that the first factor, assumption of jurisdiction over the property, is not applicable because this is not an *in rem* action. The parties further agree that the second factor, the inconvenience of the federal forum, is neutral because both forums are equally convenient. (Doc. 9 at 4-5; doc. 16 at 7).

#### c) The Desirability of Avoiding Piecemeal Litigation

The third factor regarding avoiding piecemeal litigation heavily favors abstention. This factor will support abstention when federal adjudication would "require[e] duplication of resources and potentially conflicting decisions based on the same evidence." *Sini*, 990 F. Supp. 2d at 1378. The domestic state court litigation remains ongoing, including Defendant's request for sole custody. If this court addresses a discrete custody issue, it is highly likely to result in wasted duplication of resources and potentially result in inconsistent judgments (or even moot this action) since the state court is revising the custody arrangements. Plaintiff's assertions to the contrary (doc. 16 at 7-8) are not supported. This Court cannot blindly grant her request for a passport for

the minor child without fully exploring the reasons why Defendant has refused to consent to the issuance of such a passport. The reasons Defendant is refusing to consent are the same reasons he is petitioning the state court for sole custody and a restraining order. Because the same evidence would be considered to determine the discrete child custody passport issue, this factor favors abstention.

### d) The Order in Which Jurisdiction Was Objected by the Concurrent Forums

The order in which the forums obtained jurisdiction also weighs in favor of abstention. The court looks not only to which complaint was first filed, but also to the progress each case has made. *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 21-22 (1983). Here, the state court domestic action was initiated first and has progressed further, to the point that there is a trial date set for December this year. This is considerable, as this action is at its infancy – addressing a motion to dismiss. Plaintiff's continued argument that the issues are "so different" (doc. 16 at 8) is not supported and fails to undermine this factor regarding progress.

### e) Whether State or Federal Law Will Be Applied

This factor weighs slightly against abstention. Federal regulations provided the basis for this case. However, it is worth noting that the Court in *Colorado River* created this doctrine when ruling on an issue arising out of a federal statute. *Colorado River*, 424 U.S. at 802-03. Furthermore, state courts frequently hear arguments involving passport custody issues and are much more accustomed to litigating domestic issues.

### f) The Adequacy of the State Court to Protect the Parties' Rights

Finally, this factor supports abstention. The issue in this case is whether this court should grant a parent's request for a passport for a minor child against the wishes of the other parent, when they share joint custody. The underlying issues of the details of child custody is something

that is routinely handled and is the province of the state court. The state court is not only an adequate forum for this, but the preferred forum absent some exceptional circumstances.

While Plaintiff was not incorrect when she filed this action here, this Court has the discretion to abstain from exercising its jurisdiction. There are ongoing custody proceedings in the state court, and the above factors weigh in favor of abstaining from making any determination until after those proceedings, assuming they are not resolved during their pendency in state court.

### III. Conclusion

Based on the foregoing, Defendant's motion to dismiss (doc. 9) is **GRANTED**. This action will be **DISMISSED WITHOUT PREJUDICE** pursuant to the doctrine of abstention as recognized in *Colorado River* and its progeny.

DONE this 23rd day of August, 2018.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE